KYOWA GAS CHEMICAL INDUSTRY COMPANY, LTD., PLAINTIFF *v.* UNITED STATES, ET AL., DEFENDANTS, ROHM AND HAAS COMPANY, INTERVENOR

Court No. 83–8–01226

Before RE, *Chief Judge.*

(Dated May 31, 1984)

*Bayh, Tabbert & Capehart (Thomas V. Vakerics* and *Kenneth G. Weigel*), for the plaintiff.
*Richard K. Willard,* Acting Assistant Attorney General (*David M. Cohen,* Director, Commercial Litigation Branch and *Velta A. Melnbrencis*), for the defendants.
*Baker & McKenzie (William D. Outman, II*), for the intervenor.

RE, *Chief Judge:* Pursuant to *Kyowa Gas Chemical Industry Co.* v. *United States,* 7 CIT 138 (1984) *(Kyowa I),* this court remanded this action to the Department of Commerce, International Trade Administration (ITA) for further consideration. On remand the ITA has determined that:

Kyowaglas-XA, while generically acrylic sheet, is outside the intended scope of the investigatory finding when compared with various criteria enumerated by the Court. On that basis, Kyowaglas-XA should not be subject to the antidumping finding.

Defendant's "Remand Results and Redetermination,"—— Fed. Reg.—— (May 18, 1984).

The ITA, therefore, should issue an appropriate clarification ruling excluding the merchandise, Kyowaglas-XA, from the scope

of the 1976 antidumping finding in *Acrylic Sheet from Japan,* T.D. 767–240, 41 Fed. Reg. 36497 (August 30, 1976).

The background of this action is detailed in *Kyowa I,* and need not be repeated here. In *Kyowa I,* this Court remanded the case to the ITA to consider all relevant evidentiary facts, and to utilize the criteria set forth in *Diversified Products Corp.* v. *United States,* 6 CIT 155, (1983), to determine whether Kyowaglas-XA falls within the class or kind of merchandise subject to the 1976 antidumping finding in *Acrylic Sheet from Japan, supra.*

Among the criteria stated in *Diversified Products* are: "the general physical characteristics of the product; the expectations of the ultimate purchaser; the channels of trade in which the product is sold; the manner in which the product is advertised and displayed; and the ultimate use of the product." *See also United States* v. *Carborundum Co.,* 536 F.2d 373, 377 (CCPA), *cert. denied,* 429 U.S. 979 (1976).

After applying the stated criteria, the ITA reversed its earlier determination and decided that Kyowaglas-XA was not within the antidumping finding in *Acrylic Sheet from Japan.* In its Redetermination, the ITA makes reference to a "two-step process," which it claims is its practice in scope determinations under section 751. *See* section 751(a) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1675(a). This process, as developed by the ITA, involves an examination of "the descriptions of the product [subject to the antidumping finding] contained in the petition, the initial investigation, and the ITC [International Trade Commission], Treasury, or Commerce determinations." 48 Fed. Reg. 34490 (July 29, 1983). Only upon a determination that this product description is vague does the ITA apply the *Diversified Products* criteria to ascertain whether a newly imported product, not previously included within the scope of an antidumping finding, is of the class or kind of merchandise contemplated by the finding.

This Court, in *Kyowa I,* explicitly disapproved of the two-step process. Slip Op. at 5. The Court stated that, in every scope determination involving a new product, the ITA should examine the product in light of the *Diversified Products* criteria to determine whether the product is of the class or kind of merchandise contemplated by the pertinent antidumping finding.[1] *Id.* The fact that the ITA, after applying the criteria on remand, reversed its earlier determination on whether Kyowaglas-XA was within the scope of the 1976 antidumping finding, underscores the importance of the *Diversified Products* criteria in scope determinations.

Consistent with *Royal Business Machines* v. *United States,* 507 F. Supp. 1007 (Ct. Int'l Trade 1980), *aff'd* 669 F.2d 692 (CCPA 1982), this Court does not suggest that the ITA alter or modify the scope

[1] At the Oral Argument in this case, Judge Nils A. Boe stated: "irrespective of what might by the directives of the agency, I feel that the five criteria are most important. They have been referred to in appellate cases, by our appellate court, and I think that * * * the court should [require it of ITA]."

of an existing antidumping order for the purpose of reconciling the product description contained in the order. Rather, the Court mandates that the ITA apply the pertinent criteria to determine whether a new product is within the confines of the order. Since the ITA has complied with the remand order of *Kyowa I,* and properly applied the pertinent criteria set forth in *Diversified Products,* the Court hereby concludes that the May 18, 1984 "Remand Results and Redetermination" of the ITA are supported by substantial evidence and in accordance with law.

Accordingly, it is hereby,

ORDERED that the Department of Commerce, International Trade Administration prepare and issue an appropriate clarification ruling on the merchandise, Kyowaglas-XA, within 15 days of this Order, and it is further

ORDERED that upon issuance of the appropriate clarification ruling, the Court will entertain a motion by either party to dismiss this action.